**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**MISSOULA DIVISION**

_____

| | |
|---|---|
| RYAN SCOTT JAMES PRICE | Cause No. CV 05-086-M-LBE |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| BRUCE GOBEO, FRED VANVALKENBERG, MARGARET BORG, KRISTEN LACROIX, COUNTY OF MISSOULA/MISSOULA COUNTY, MONTANA, | |
| Defendants. | |

_____

Currently pending before the Court is Plaintiff Ryan Scott James Price's Complaint filed pursuant to 42 U.S.C. § 1983.

I.  **PRELIMINARY SCREENING OF THE COMPLAINT**

Pursuant to the federal statute governing prisoner litigation, federal courts must engage in a preliminary screening of cases to assess the merits of the claims. 28 U.S.C. §§ 1915A. The Court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion

FINDINGS AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE / PAGE 1

to grant or deny leave to amend. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." Id. (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to *pro se* litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)). Additionally, the courts must liberally construe *pro se* pleadings. Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

## II.  PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that from November 2000 to August 2001 the Missoula County Public Defenders Office and the Missoula County Attorney's Office denied him due process of the law by maliciously prosecuting him for the wrong charge, working in unison to convict him of a felony charge and not a misdemeanor and viciously bulldogging him to make unintelligent decisions knowing he was mentally ill and unable to understand the magnitude of the charges and process of the law.

He alleges that Bruce Gobeo and Margaret Borg represented him poorly and unacceptably in his criminal matter, forced him into a plea agreement and did not raise the issue that the charge

FINDINGS AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE / PAGE 2

was false.  He further alleges that Fred VanValkenberg and Kristen LaCroix maliciously prosecuted him.

### III.  ANALYSIS

Where a prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 488-490 (1973); <u>Young v. Kenny</u>, 907 F.2d 874 (9th Cir. 1989).  In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is proper where a prisoner wishes to challenge the conditions of his confinement.  <u>Id.</u>  Each claim provides a prisoner with access to the federal courts for "claims of unconstitutional treatment at the hands of state officials, but they differ in their scope and operation."  <u>Heck v. Humphrey</u>, 512 U.S. 477, 480 (1994).  In <u>Heck</u>, the Supreme Court clarified the distinguishing characteristics of the two actions and held that,

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint **must be dismissed** unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

<u>Id.</u> at 487 (emphasis added).  In such a case, a prisoner's sole federal remedy is a writ of habeas corpus.  <u>See</u> <u>Preiser</u>, 411 U.S. 475.

Plaintiff's claim that he has been denied due process of law in his criminal case is not proper under 42 U.S.C. § 1983 unless

FINDINGS AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE / PAGE 3

or until Plaintiff can demonstrate that his conviction and/or sentence has been invalidated.  This Plaintiff cannot do.

Based upon an opinion of the Montana Supreme Court dated October 10, 2002, it is clear that Plaintiff has been unable to invalidate his sentence or conviction.  Petitioner has also filed a federal habeas petition in this Court in which he indicates that he did not appeal his petition for post-conviction relief. See Price v. Montana, Civil Action No. 05-CV-77-M-LBE.

A judgment in this civil rights case in favor of Plaintiff would necessarily imply the invalidity of Plaintiff's conviction.  Accordingly, the Court should dismiss this case because Plaintiff's sole federal remedy is his federal writ of habeas corpus.

The Court notes that Plaintiff's claims would also be subject to dismissal for failure to file within the applicable statute of limitations.  See Mont. Code Ann. §27-2-204(1) and (3); Wilson v. Garcia, 471 U.S. 261, 279-80, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), superseded by statute as stated in Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 377-78, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004).  Plaintiff alleges the acts complained of occurred between November 2000 and August 2001.  He did not file this Complaint until nearly four years later on May 16, 2005.

In addition, Defendants Fred VanValkenberg and Kristen LaCroix would be entitled to immunity.  A state prosecutor is

FINDINGS AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE / PAGE 4

entitled to absolute immunity from liability under § 1983 for violating a person's federal constitutional rights when he or she engages in activities "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976).  The allegations against these two Defendants clearly involve acts which were intimately associated with the judicial phase of the criminal process.

Based upon the foregoing, the Court makes the following:

### RECOMMENDATION

Plaintiff's Complaint (Dkt. # 1) should be **DISMISSED**.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

The Clerk of Court shall serve a copy of this Findings and Recommendation of the United States Magistrate Judge upon Plaintiff.  Plaintiff is advised that pursuant to 28 U.S.C. § 636(b)(1), he has the right to file written objections to this Findings and Recommendation.  Any objections to the Findings and Recommendation must be filed with the Clerk of Court within twenty (20) days after receipt hereof, or objection is waived.

DATED this 19th day of April, 2006.

/s/ Leif B. Erickson
Leif B. Erickson
United States Magistrate Judge