IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| RYAN SCOTT JAMES PRICE, | ) | CV 05-86-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| BRUCE GOBEO, | ) | |
| FRED VANVALKENBERG, | ) | |
| MARGARET BORG, | ) | |
| KRISTEN LACROIX, COUNTY OF | ) | |
| MISSOULA/MISSOULA COUNTY, | ) | |
| MONTANA | ) | |
| Defendant. | ) | |
| _____ | ) | |

On April 19, 2006, United States Magistrate Judge Leif B. Erickson entered Findings and Recommendation in this matter. Plaintiff did not timely object and has so waived the right to *de novo* review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

Plaintiff is a state prisoner proceeding *pro se*. He filed this action pursuant to 42 U.S.C. § 1983, but the case is dismissed because there is no basis for federal jurisdiction.

-1-

Judge Erickson is correct in finding that Plaintiff's 28 U.S.C. § 1983 action does not state a claim upon which relief can be granted. When a state prisoner seeks monetary damages under § 1983 the district court must determine whether a judgement in favor of the plaintiff would imply the invalidity of his conviction or sentence; if so, the § 1983 action must be dismissed. *Heck v. Humphrey*, 512 U.S. 477, 480 (1994). This is the case here, where Price claims that he was denied due process of law in criminal proceedings and still remains incarcerated. If this Court were to accept the truth of Plaintiff's allegations, it would in essence be declaring that his federal constitutional due process rights had been violated which would necessarily mean that the conviction and/or sentence were invalid. This is a proper remedy under a habeas corpus action but is outside the jurisdiction of this Court in the context of a § 1983 action where the Montana Supreme Court has held the Plaintiff has not proven the invalidity of his conviction or sentence.

Finally, Plaintiff's claims against Defendants Van Valkenberg and LaCroix are barred by the doctrine of prosecutorial immunity, which protects state agents acting within the "judicial phase" of criminal proceedings from being sued for civil damages. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

Based on the foregoing reasons, this Court adopts Judge Erickson's Findings and Recommendation in full.

Accordingly, **IT IS HEREBY ORDERED:**

Plaintiff's Complaint (doc. 1) is **DISMISSED.**

DATED this  8th  day of June, 2006.

                                        /s/ Donald W. Molloy
                                        Donald W. Molloy, Chief Judge
                                        United States District Court